IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN JOHNSON, Administrator, United States Environmental Protection Agency, <br><br> Defendants. | No. 05-cv-02437 (CKK) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Stephen Johnson, Adminstrator, United States Environmental Protection Agency and United States Environmental Protection Agency (herein "EPA," collectively), hereby answer the Complaint for Declaratory and Injunctive Relief filed by Plaintiff Public Employees for Environmental Responsibility and other plaintiffs (herein "PEER," collectively), as follows:

1. The allegations in ¶ 1 of the Complaint are a characterization of PEER's claim that require no response.

2. The first sentence of ¶ 2 of the Complaint is a characterization of PEER's claim that requires no response. The other allegations of ¶ 2 are legal conclusions that require no response.

3. EPA admits that on July 11, 2005, it received and signed for a certified letter dated July 6, 2005 from PEER concerning the subject matter of the Complaint. EPA admits that more than sixty days passed between receipt of this letter by EPA and the filing of the

Complaint.

4. EPA has insufficient information to admit or deny the allegations in ¶ 4 of the Complaint.

5. EPA has insufficient information to admit or deny the allegations in ¶ 5 of the Complaint.

6. EPA has insufficient information to admit or deny the allegations in ¶ 6 of the Complaint.

7. EPA has insufficient information to admit or deny the allegations in ¶ 7 of the Complaint.

8. EPA has insufficient information to admit or deny the allegations in ¶ 8 of the Complaint.

9. EPA has insufficient information to admit or deny the allegations in ¶ 9 of the Complaint.

10. EPA has insufficient information to admit or deny the allegations in ¶ 10 of the Complaint.

11. EPA has insufficient information to admit or deny the allegations in ¶ 11 of the Complaint.

12. EPA has insufficient information to admit or deny the allegations in ¶ 12 of the Complaint.

13. The allegations in ¶ 13 of the Complaint are legal conclusions that require no response.

14. EPA admits the allegations in ¶ 14 of the Complaint.

15. EPA admits that Stephen Johnson is the Administrator of the EPA. The other allegations in ¶ 15 of the Complaint are legal conclusions that require no response.

16. In response to ¶ 16 of the Complaint, EPA incorporates its responses to ¶¶ 1 through 15.

17. The allegations in ¶ 17 are statements of opinion, not fact, and do not require a response.

18. To the extent that the allegations in ¶ 18 of the Complaint purport to restate facts from a document by the Centers for Disease Control, EPA responds that the document is the best evidence of its contents and speaks for itself. To the extent the allegations in ¶ 18 of the

Complaint are inconsistent with the statements of the Centers for Disease Control, EPA denies those allegations.

19. To the extent that the allegations in ¶ 19 of the Complaint purport to restate facts from a document by the Centers for Disease Control, EPA responds that the document is the best evidence of its contents and speaks for itself. To the extent the allegations in ¶ 19 of the Complaint are inconsistent with the statements of the Centers for Disease Control, EPA denies those allegations.

20. To the extent that the allegations in ¶ 20 of the Complaint purport to restate facts from a document by the Centers for Disease Control, EPA responds that the document is the best evidence of its contents and speaks for itself. To the extent the allegations in ¶ 20 of the Complaint are inconsistent with the statements of the Centers for Disease Control, EPA denies those allegations.

21. EPA admits that the Toxic Substances Control Act ("TSCA") was first passed by Congress in 1976 and amended in 1992. EPA admits that the allegations in ¶ 21 of the Complaint accurately recite the language of 15 U.S.C. § 2601(b)(2), and further responds that with respect to the intent of Congress, the statute speaks for itself in 15 U.S.C. § 2601(c). To the extent the allegations in ¶ 21 of the Complaint are inconsistent with TSCA, EPA denies those allegations.

22. To the extent that the allegations in ¶ 22 of the Complaint purport to restate or paraphrase provisions of TSCA, EPA responds that the statute speaks for itself. To the extent the allegations in ¶ 22 of the Complaint are inconsistent with TSCA, EPA denies those allegations.

23. To the extent that the allegations in ¶ 23 of the Complaint purport to restate or paraphrase provisions of TSCA, EPA responds that the statute speaks for itself. To the extent the allegations in ¶ 23 of the Complaint are inconsistent with TSCA, EPA denies those allegations. To the extent the allegations in ¶ 23 of the Complaint purport to state a legal duty of Defendants, the allegations are legal conclusions that require no response.

24. EPA denies the allegations in ¶ 24 of the Complaint.

25. To the extent that the allegations in ¶ 25 of the Complaint purport to restate or paraphrase the text of a Federal Register notice, EPA responds that the Federal Register notice speaks for itself. To the extent the allegations in ¶ 25 of the Complaint are inconsistent with the text of the Federal Register notice, EPA denies those allegations.

26. To the extent that the allegations in ¶ 26 of the Complaint purport to restate or paraphrase the text of a Federal Register notice, EPA responds that the Federal Register notice speaks for itself. To the extent the allegations in ¶ 26 of the Complaint are inconsistent with the text of the Federal Register notice, EPA denies those allegations.

27. To the extent that the allegations in ¶ 27 of the Complaint purport to restate or paraphrase the text of a Federal Register notice, EPA responds that the Federal Register notice speaks for itself. To the extent the allegations in ¶ 27 of the Complaint are inconsistent with the text of the Federal Register notice, EPA denies those allegations.

28. EPA denies the allegations in ¶ 28 of the Complaint.

29. EPA admits that on July 11, 2005, it received and signed for a certified letter dated July 6, 2005 from PEER concerning the subject matter of the Complaint.

30. In response to ¶ 30 of the Complaint, EPA incorporates its responses to ¶¶ 1 through 29.

31. The allegations in ¶ 31 of the Complaint are legal conclusions to which no response is required. To the extent the allegations in ¶ 31 purport to state a fact, the phrase "growing scientific evidence" is so vague that EPA cannot make reference to such evidence to admit or deny the allegation.

32. To the extent the allegations in ¶ 32 of the Complaint purport to restate or paraphrase facts from a document by the President's Task Force on Environmental Health Risks and Safety Risks to Children, EPA responds that the document is the best evidence of its own contents and speaks for itself. To the extent the allegations in ¶ 32 of the Complaint are inconsistent with the statements of the President's Task Force, EPA denies those allegations.

33. To the extent the allegations in ¶ 33 of the Complaint purport to restate or paraphrase facts from a document by the President's Task Force on Environmental Health Risks and Safety Risks to Children, EPA responds that the document is the best evidence of its own contents and speaks for itself. To the extent the allegations in ¶ 33 of the Complaint are inconsistent with the statements of the President's Task Force, EPA denies those allegations.

34. The allegations in ¶ 34 of the Complaint are statements of opinion, not fact, which do not require a response. To the extent the allegations in ¶ 34 of the Complaint purport to be statements of fact, EPA responds that the allegations are so vague that no basis is available for EPA to admit or deny them.

35. The allegations in ¶ 35 of the Complaint are statements of opinion, not fact, which do not require a response. To the extent the allegations in ¶ 35 of the Complaint purport to be

statements of fact, EPA responds that the allegations are so vague that no basis is available for EPA to admit or deny them.

36. The allegations in ¶ 36 of the Complaint, and particularly the phrases "Renovation and Remodeling regulations" and "renovation regulations," are so vague that no basis is available for EPA to admit or deny them. To the extent that the Complaint purports to restate or paraphrase facts relating to EPA's proposed rule, *Lead, Renovation, Repair, and Painting Program,* 71 Fed. Reg. 1588 (January 10, 2006), the economic analysis, which was entered into the docket for that proposal on March 3, 2006 (Document # 0341) and discusses the estimated economic benefits and costs of the proposal, is the best evidence of its contents and speaks for itself.

37. The allegations in ¶ 37 are so broadly stated and vague that no basis is available for EPA to admit or deny them.

38. EPA admits that exposure to unsafe levels of lead can cause a variety of health problems in young children. EPA admits that at sufficiently high exposure levels, lead can cause, among other effects, convulsions and death.

39. To the extent the allegations in ¶ 39 of the Complaint purport to restate or paraphrase facts from a report of the National Academy of Sciences, EPA responds that the report is the best evidence of its own contents and speaks for itself. To the extent the allegations in ¶ 39 of the Complaint are inconsistent with the statements of the National Academy of Sciences, EPA denies those allegations.

40. To the extent the allegations in ¶ 40 of the Complaint purport to restate or paraphrase facts from a document by the President's Task Force on Environmental Health Risks and

Safety Risks to Children, EPA responds that the document is the best evidence of its own contents and speaks for itself. To the extent the allegations in ¶ 40 of the Complaint are inconsistent with the statements of the President's Task Force, EPA denies those allegations.

41. The allegations in ¶ 41 are so vague that no basis is available for EPA to admit or deny them. To the extent that the allegations in ¶ 41 of the Complaint are statements of opinion, not fact, they do not require a response.

42. To the extent that the allegations in ¶ 42 of the Complaint purport to restate or paraphrase provisions of TSCA, EPA responds that the statute speaks for itself. To the extent the allegations in ¶ 42 of the Complaint purport to state a legal duty of Defendants, the allegations are legal conclusions that require no response.

43. EPA denies the allegations of the first sentence ¶ 43 of the Complaint. The other allegations in ¶ 43 of the Complaint are statements of opinion, not fact, that do not require a response.

44. In response to ¶ 44 of the Complaint, EPA incorporates its responses to ¶¶ 1 through 43.

45. The allegations in ¶ 45 of the Complaint are legal conclusions that require no response.

46. The allegations in ¶ 46 of the Complaint are requests for relief and require no response.

## GENERAL DENIAL

To the extent that this Answer does not contain a response to any allegations of the Complaint, EPA generally denies such allegations.

## AFFIRMATIVE DEFENSES

EPA alleges the following Affirmative Defenses to the Complaint:

1. PEER's Complaint fails to state a claim for which relief may be granted under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

Wherefore, EPA respectfully prays that the Plaintiff's Prayer for Relief be denied.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

_/s/ David Gunter_
DAVID GUNTER
Environmental Defense Section
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986
(202) 514-3785 (phone)
(202) 514-8865 (fax)
David.Gunter2@usdoj.gov

Dated:      March 17, 2006