IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN JOHNSON, Administrator, United States Environmental Protection Agency, <br><br> Defendants, <br><br> and <br><br> National Association of Home Builders <br><br> Defendant-Intervenor | No. 1:05-cv-02437-CKK |

**[PROPOSED] ANSWER OF DEFENDANT-INTERVENOR
NATIONAL ASSOCIATION OF HOME BUILDERS
TO PLAINTIFFS' COMPLAINT**

The National Association of Home Builders (herein "NAHB") hereby answers the Complaint for Declaratory and Injunctive Relief filed by Plaintiff Public Employees for Environmental Responsibility and other plaintiffs (herein "PEER," collectively), as follows:

1. The allegations in Paragraph 1 of the Complaint are a characterization of PEER's claim that requires no response.

2. The first sentence of Paragraph 2 of the Complaint is a characterization of PEER's claim that requires no response. The other allegations of Paragraph 2 are legal conclusions that require no response.

DC01:440273.2

3. NAHB has insufficient information to admit or deny the allegations in Paragraph 3 of the Complaint.

4. NAHB has insufficient information to admit or deny the allegations in Paragraph 4 of the Complaint.

5. NAHB has insufficient information to admit or deny the allegations in Paragraph 5 of the Complaint.

6. NAHB has insufficient information to admit or deny the allegations in Paragraph 6 of the Complaint.

7. NAHB has insufficient information to admit or deny the allegations in Paragraph 7 of the Complaint.

8. NAHB has insufficient information to admit or deny the allegations in Paragraph 8 of the Complaint.

9. NAHB has insufficient information to admit or deny the allegations in Paragraph 9 of the Complaint.

10. NAHB has insufficient information to admit or deny the allegations in Paragraph 10 of the Complaint.

11. NAHB has insufficient information to admit or deny the allegations in Paragraph 11 of the Complaint

12. NAHB has insufficient information to admit or deny the allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint are legal conclusions that require no response.

14. NAHB admits the allegations in Paragraph ¶ 14 of the Complaint.

15. NAHB admits that Stephen Johnson is the Administrator of the U.S. Environmental Protection Agency. The other allegations in Paragraph 15 of the Complaint are legal conclusions that require no response.

16. In response to Paragraph 16 of the Complaint, NAHB incorporates its responses to Paragraphs 1 through 15.

17. The allegations in Paragraph 17 are statements of opinion to which no response is required.

18. To the extent that the allegations in Paragraph 18 of the Complaint purport to restate facts from a document by the Centers for Disease Control, NAHB responds that the document is the best evidence of its contents and speaks for itself. To the extent the allegations in Paragraph 18 of the Complaint are inconsistent with the statements of the Centers for Disease Control, NAHB denies those allegations.

19. To the extent that the allegations in Paragraph 19 of the Complaint purport to restate facts from a document by the Centers for Disease Control, NAHB responds that the document is the best evidence of its contents and speaks for itself. To the extent the allegations in Paragraph 19 of the Complaint are inconsistent with the statements of the Centers for Disease Control, NAHB denies those allegations.

20. To the extent that the allegations in Paragraph 20 of the Complaint purport to restate facts from a document by the Centers for Disease Control, NAHB responds that the document is the best evidence of its contents and speaks for itself. To the extent the allegations in Paragraph 20 of the Complaint are inconsistent with the statements of the Centers for Disease Control, NAHB denies those allegations.

21. NAHB admits that the Toxic Substances Control Act ("TSCA") was first passed by Congress in 1976 and amended in 1992. NAHB admits that the allegations in Paragraph 21 of the Complaint accurately recite the language of 15 U.S.C. § 2601(b)(2), and further responds that with respect to the intent of Congress, the statute speaks for itself in 15 U.S.C. § 2601(c). To the extent the allegations in Paragraph 21 of the Complaint are inconsistent with TSCA, NAHB denies those allegations.

22. To the extent that the allegations in Paragraph 22 of the Complaint purport to restate or paraphrase provisions of TSCA, NAHB responds that the statute speaks for itself. To the extent the allegations in Paragraph 22 of the Complaint are inconsistent with TSCA, NAHB denies those allegations.

23. To the extent that the allegations in Paragraph 23 of the Complaint purport to restate or paraphrase provisions of TSCA, NAHB responds that the statute speaks for itself. To the extent the allegations in Paragraph 23 of the Complaint are inconsistent with TSCA, NAHB denies those allegations. To the extent the allegations in Paragraph 23 of the Complaint purport to state a legal duty of Defendants, the allegations are legal conclusions that require no response.

24. NAHB denies the allegations in Paragraph 24 of the Complaint.

25. To the extent that the allegations in Paragraph 25 of the Complaint purport to restate or paraphrase the text of a Federal Register notice, NAHB responds that the Federal Register notice speaks for itself. To the extent the allegations in Paragraph 25 of the Complaint are inconsistent with the text of the Federal Register notice, NAHB denies those allegations.

26. To the extent that the allegations in Paragraph 26 of the Complaint purport to restate or paraphrase the text of a Federal Register notice, NAHB responds that the Federal Register notice speaks for itself. To the extent the allegations in Paragraph 26 of the Complaint are inconsistent with the text of the Federal Register notice, NAHB denies those allegations.

27. To the extent that the allegations in Paragraph 27 of the Complaint purport to restate or paraphrase the text of a Federal Register notice, NAHB responds that the Federal Register notice speaks for itself. To the extent the allegations in Paragraph 27 of the Complaint are inconsistent with the text of the Federal Register notice, NAHB denies those allegations.

28. NAHB denies the allegations in Paragraph 28 of the Complaint.

29. NAHB has insufficient information to admit or deny the allegations of Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, NAHB incorporates its responses to Paragraphs 1 through 29.

31. The allegations in Paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent the allegations in Paragraph 31 purport to state a fact, the phrase "growing scientific evidence" is so vague that NAHB cannot make reference to such evidence to admit or deny the allegation.

32. The allegations of the sentence of Paragraph 32 of the Complaint are statements of opinion to which no response is required. To the extent the remaining allegations in Paragraph 32 of the Complaint purport to restate or paraphrase facts from a document by the President's Task Force on Environmental Health Risks and Safety Risks to Children,

NAHB responds that the document is the best evidence of its own contents and speaks for itself. To the extent the allegations in Paragraph 32 of the Complaint are inconsistent with the statements of the President's Task Force, NAHB denies those allegations.

33. To the extent the allegations in Paragraph 33 of the Complaint purport to restate or paraphrase facts from a document by the President's Task Force on Environmental Health Risks and Safety Risks to Children, NAHB responds that the document is the best evidence of its own contents and speaks for itself. To the extent the allegations in Paragraph 33 of the Complaint are inconsistent with the statements of the President's Task Force, NAHB denies those allegations.

34. The allegations in Paragraph 34 of the Complaint are statements of opinion to which no response is required. To the extent the allegations in Paragraph 34 of the Complaint purport to be statements of fact, NAHB responds that the allegations are so vague that no basis is available for NAHB to admit or deny them.

35. The allegations in Paragraph 35 of the Complaint are statements of opinion to which no response is required. To the extent the allegations in Paragraph 35 of the Complaint purport to be statements of fact, NAHB denies those allegations.

36. NAHB has insufficient information to admit or deny the allegations in Paragraph 36 of the Complaint.

37. The allegations in Paragraph 37 are so broadly stated and vague that no basis is available for NAHB to admit or deny them.

38. NAHB admits that exposure to unsafe levels of lead can cause a variety of health problems in young children. NAHB admits that at sufficiently high exposure levels, lead can cause, among other effects, convulsions and death.

39. To the extent the allegations in Paragraph 39 of the Complaint purport to restate or paraphrase facts from a report of the National Academy of Sciences, NAHB responds that the report is the best evidence of its own contents and speaks for itself. To the extent the allegations in Paragraph 39 of the Complaint are inconsistent with the statements of the National Academy of Sciences, NAHB denies those allegations.

40. To the extent the allegations in Paragraph 40 of the Complaint purport to restate or paraphrase facts from a document by the President's Task Force on Environmental Health Risks and Safety Risks to Children, NAHB responds that the document is the best evidence of its own contents and speaks for itself. To the extent the allegations in Paragraph 40 of the Complaint are inconsistent with the statements of the President's Task Force, NAHB denies those allegations.

41. The allegations in Paragraph 41 of the Complaint are statements of opinion to which no response is required.

42. To the extent that the allegations in Paragraph 42 of the Complaint purport-to restate or paraphrase provisions of TSCA, NAHB responds that the statute speaks for itself. To the extent the allegations in Paragraph 42 of the Complaint purport to state a legal duty of Defendants, the allegations are legal conclusions that require no response.

43. NAHB denies the allegations of the first sentence Paragraph 43 of the Complaint. The other allegations in Paragraph 43 of the Complaint are statements of opinion to which no response is required.

44. In response to Paragraph 44 of the Complaint, NAHB incorporates its responses to Paragraphs 1 through 43.

45. The allegations in Paragraph 45 of the Complaint are legal conclusions that require no response.

46. The allegations in Paragraph 46 of the Complaint are requests for relief and require no response.

## GENERAL DENIAL

To the extent that this Answer does not contain a response to any allegations of the Complaint, NAHB generally denies such allegations.

## AFFIRMATIVE DEFENSES

NAHB alleges the following affirmative defenses to the Complaint:

1. PEER's Complaint fails to state a claim for which relief may be granted under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.

Wherefore, NAHB respectfully prays that the Plaintiffs' Prayer for Relief be denied.

Respectfully submitted,

*Thomas C. Jackson*
Thomas C. Jackson
D.C. Bar No. 384708
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone 202-639-7700
thomas.jackson@bakerbotts.com

Mary Lynn Pickel
Director of Legal Services, Advocacy Group
National Association of Home Builders
1201 15th Street, NW
Washington, DC 20005-2800
Telephone:    (202) 266-8485

Of Counsel

Dated: April __7__, 2006