UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, *et al.*,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>STEPHEN JOHNSON,<br>Administrator, United States Environmental Protection Agency,<br><br>　　　Defendants. | Civil Action No. 05–2437 (CKK) |

**MEMORANDUM OPINION**
(April 21, 2006)

　　Presently before the Court is the National Association of Home Builders' (hereinafter "NAHB") Motion to Intervene as a Defendant in the instant action pursuant to Federal Rule of Civil Procedure 24(a) (intervention as of right), or in the alternative, Rule 24(b) (permissive intervention). This Motion is unopposed.[1] Based on the Motion before the Court and the relevant statutes and case law, the Court shall GRANT NAHB's [4] Motion to Intervene as a Defendant pursuant to Federal Rule of Civil Procedure 24(a)(2).

**I: BACKGROUND**

　　On December 20, 2005, Plaintiffs filed the instant case, asking the Court to compel the Environmental Protection Agency (hereinafter "EPA") to promulgate regulations to reduce lead-

---

[1] *See* Mot. Intervene at 1 n.1 (indicating that counsel for Defendants does not object to this Motion). Additionally, counsel for Plaintiffs indicated to the Court's staff via telephone that Plaintiffs did not intend to file an opposition to the instant Motion to Intervene (and consequently no timely opposition has been filed by any party in this case).

based paint hazards in renovation and remodeling activities.  Compl. ¶ 1.  Plaintiff brought this action pursuant to the Toxic Substances Control Act (hereinafter "TSCA"), 15 U.S.C. § 2619, and the Adminsitrative Procedure Act, 5 U.S.C. §§ 701 to 706.  *Id.* ¶ 2.  Plaintiffs request that the Court declare that Defendants' failure to promulgate such regulations constitutes a failure to perform a non-discretionary act or duty within the meaning of the TSCA (specifically, 15 U.S.C. § 2619(a)).  *Id*. ¶ 46(a).  Plaintiffs also ask for injunctive relief, asking that the Court "[o]rder the Defendants to propose and promulgate, in accordance with expeditious deadlines specified by this Court, *and with the input of Plaintiffs*, regulations establishing lead-safe work practices for Renovation and Remodeling activities involving lead-based paint and lead-based paint hazards . . . ." *Id.* ¶ 46(b) (emphasis added).

NAHB filed this Motion to Intervene on April 7, 2006.  NAHB is a national trade organization that represents the building industry by serving its members, including individuals and firms involved in home building, remodeling, multifamily construction, property management, subcontracting, design, housing finance, building project manufacturing and other aspects of residential and light commercial construction.  Mem. Intervene at 3;[2] Pickel Decl. at 2.  Approximately 14,000 of NAHB's members are involved in the remodeling industry.  *Id*.  Founded in 1982, NAHB has represented the interests of its members in part by participating in the EPA's implementation of the Lead-Based Paint Act by submitting comments to and working with the EPA on lead-related issues for a number of years.  Mem. Intervene at 4–5; Pickel Decl. at 3–4.  NAHB states that it intends to submit comments with respect to the January 10, 2006

---

[2]  Since NAHB filed both a two-page [4-1] Motion to Intervene and an accompanying [4-2] Memorandum in support thereof, the Court will cite to these two documents respectively as "Mot. Intervene" and "Mem. Intervene."

EPA-issued proposed regulations to the TSCA addressing lead hazards related to rennovation and repair. Mem. Intervene at 2.

NAHB moves to intervene in the instant action as a Defendant-Intervenor, arguing that "it is essential that NAHB be given equal access and opportunity to participate in any rulemaking that is the result of this lawsuit as well as any discussions concerning the rulemaking process in order to protect the interests of its members." Mot. Intervene at 2.

## II: LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2), which allows a nonparty to apply to intervene in an action as of right, provides, in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

Fed. R. Civ. P. 24(a)(2). Unequivocally, the recognized requirements for intervention as of right in this Circuit are: (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation by existing parties. *See Smoke v. Norton,* 252 F.3d 468, 470 (D.C. Cir. 2001); *Williams & Humbert Ltd. v. W. & H. Trademarks Ltd.,* 840 F.2d 72, 74 (D.C. Cir. 1988); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). On the issue of lack of adequate representation by the existing parties, NAHB in the instant case need only "sho[w] that representation of [its] interest[s] 'may be' inadequate." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972).

A party seeking leave to intervene as of right pursuant to Rule 24(a) must further

demonstrate that it has both constitutional and prudential standing to participate as a party in the case. *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) ("Thus, a party that seeks to intervene as of right must demonstrate that it has standing to participate in the action."); *LeBeouf, Lamb, Greene & MacRae, LLP v. Abraham*, 205 F.R.D. 13, 18 (D.D.C. 2001).

### III:  DISCUSSION

#### A.    *NAHB has standing to intervene in the instant action*

##### 1.    *Article III Standing*

Article III standing is an "'irreducible constitutional minimum" that consists of three elements. *Vermont Agency of Natural Resources v. Unites States, ex rel. Stevens*, 529 U.S. 765, 771 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  To satisfy Article III standing requirements, a party must show that (1) it has suffered an injury-in-fact; (2) there is a causal connection between the improper conduct and the injury suffered; and (3) the relief requested is likely to redress the injury. *See Vermont Agency*, 529 U.S. at 771; *Lujan*, 504 U.S. at 560.  The "injury in fact" requirement requires the party to have suffered "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotes and citations omitted).

NAHB has demonstrated all of the necessary Article III standing requirements.  Plaintiffs in the instant action seek injunctive relief, asking the Court to order the EPA to propose and promulgate regulations with the input of Plaintiffs.  If the Court grants such relief, the significant portion of NAHB's membership that participates in remodeling and renovation activities would be subject to regulations created by the EPA with Court-mandated participation by Plaintiffs.

There is certainly a causal connection between NAHB members' concrete, economic interests and the certain impact of the regulations requested if relief is granted without adequate representation of the entities regulated. Finally, NAHB's participation in the regulation-creating process would likely affect the regulations created by the EPA and thus the actions required by NAHB's members. *See Military Toxics Project v. EPA*, 146 F.3d 948, 954 (D.C. Cir. 1998) (holding that a trade association had standing to intervene in challenge to EPA regulations where the association's members were subject to the regulations at issue and would suffer a concrete injury in the form of increased regulatory requirements if the court adopted the plaintiff's interpretation of the statutory requirements). Furthermore, the NAHB in its own right, considering its history of submitting comments to the EPA related to the TSCA, has an interest in participating in the creation of regulations, an interest that would be impacted if Plaintiffs are given a specialized role in the formulation of such regulations (and consequently would be redressed by the NAHB's involvement in such processes). NAHB, a national trade association, has thus demonstrated Article III standing necessary to intervene as of right in the instant action.

      2.     *Prudential Standing*

Prudential standing to sue is a requirement rooted in "judicially self-imposed limits on the exercise of federal jurisdiction." *See Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Among these judicially imposed limits is the condition "that a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." *Bennett*, 520 U.S. at 162. Unlike the requirements of the constitutional standing doctrine, prudential standing requirements "can be modified or abrogated by Congress." *Id.* (citing *Warth v. Seldin*, 422 U.S.

490, 501 (1975)).

Pursuant to 15 U.S.C. § 2601(c), the EPA should consider the economic impact of any regulations it may adopt with respect to the TSCA.  Pursuant to 15 U.S.C. § 2682(c)(3), the EPA should consult with "persons engaged in renovation and remodeling" in promulgating regulations with respect to the TSCA.  NAHB is comprised in part of members engaged in renovation and remodeling.  NAHB has standing as an organization to participate on behalf of its members, as its members would have standing to participate in their own right, the economic interests of NAHB's members are clearly germaine to NAHB's purpose, and NAHB's members need not individually participate in this suit since only legal issues rather than fact-specific determinations with respect to individual members are involved.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977); Mem. Intervene at 6 n.2.  Thus, the Court agrees that NAHB's interests clearly fall within the "zone of interests" regulated by the TSCA such that NAHB has prudential standing in the instant action.

### B.     *NAHB meets the requirements to intervene as of right pursuant to Rule 24(a)(2)*

In addition to demonstrating that it has standing in the instant case, NAHB has met the four aforementioned criteria necessary to intervene as of right.  NAHB's Motion to Intervene is timely, as it was filed less than one month after an Answer to the Complaint was filed by the EPA and prior to the filing of any substantive motions.  As stated in the Court's standing analysis with respect to NAHB, the cognizable economic interests of NAHB's members and participatory interests of NAHB would be affected if regulations are promulgated that new procedures and practices be employed by renovators.  Finally, the NAHB's interests are not now adequately

represented in the instant suit, as the economic interests of remodelors and renovators do not necessarily overlap with (and in fact may sometimes contradict) the policy and other interests represented by the EPA, a government agency.

## IV:  CONCLUSION

For the aforementioned reasons, NAHB's unopposed [4] Motion to Intervene is GRANTED pursuant to Federal Rule of Civil Procedure 24(a)(2).  An Order accompanies this Memorandum Opinion.

Date:   April 21, 2006

                                              /s/
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge