IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, et al., <br><br>Plaintiffs, <br><br>v. <br><br>STEPHEN JOHNSON, Administrator, United States Environmental Protection Agency, <br><br>Defendants, <br><br>and <br><br>The National Association of Homebuilders <br><br>Defendant-Intervener | No. 05-CV-02437 (CKK) |

## DEFENDANT NATIONAL ASSOCIATION OF HOME BUILDERS' ANSWER TO PLAINTIFFS' COMPLAINT

The National Association of Homebuilders (herein "NAHB") hereby answers the Complaint for Declaratory and Injunctive Relief filed by Plaintiff Public Employees for Environmental Responsibility and other plaintiffs (herein "PEER" collectively), as follows:

1. The allegations in ¶ 1 of the Complaint are a characterization of PEER's claim that requires no response.

2. The first sentence of ¶ 2 of the Complaint is a characterization of PEER's claim that requires no response. The other allegations of ¶ 2 are legal conclusions that require no response.

3. NAHB has insufficient information to admit or deny the allegations in ¶ 3 of the Complaint.

4. NAHB has insufficient information to admit or deny the allegations in ¶ 4 of the Complaint

5. NAHB has insufficient information to admit or deny the allegations in ¶ 5 of the Complaint.

6. NAHB has insufficient information to admit or deny the allegations in ¶ 6 of the Complaint.

7. NAHB has insufficient information to admit or deny the allegations in ¶

8. 7 of the Complaint.

9. NAHB has insufficient information to admit or deny the allegations in ¶ 8 of the Complaint.

10. NAHB has insufficient information to admit or deny the allegations in ¶ 9 of the Complaint.

11. NAHB has insufficient information to admit or deny the allegations in ¶ 10 of the Complaint.

12. NAHB has insufficient information to admit or deny the allegations in ¶ 11 of the Complaint

13. NAHB has insufficient information to admit or deny the allegations in ¶ 12 of the Complaint.

14. The allegations in ¶ 13 of the Complaint are legal conclusions that require no response.

15. The allegations in ¶ 14 of the Complaint are a characterization of Defendant EPA that requires no response.

16. The allegations in ¶ 15 of the Complaint are a characterization of Defendant EPA that requires no response.

17. In response to ¶ 16 of the Complaint, NAHB incorporates its responses to ¶¶ 1 through 15.

18. The allegations in ¶ 17 of the Complaint are PEER's characterization of the status of prevention of lead-based paint hazards, and do not require a response.

19. NAHB has insufficient information to admit or deny the allegations in ¶ 18 of the Complaint.

20. NAHB has insufficient information to admit or deny the allegations in ¶ 19 of the Complaint.

21. NAHB has insufficient information to admit or deny the allegations in ¶ 20 of the Complaint.

22. To the extent that the allegations in ¶ 21 of the Complaint purport to restate or paraphrase provisions of TSCA, NAHB responds that the statute .speaks for itself. To the extent the allegations in ¶ 21 of the Complaint are inconsistent with TSCA, NAHB denies those allegations.

23. To the extent that the allegations in ¶ 22 of the Complaint purport to restate or paraphrase provisions of TSCA, NAHB responds that the statute speaks for itself. To the extent the allegations in ¶ 22 of the Complaint are inconsistent with TSCA, NAHB denies those allegations.

24. To the extent that the allegations in ¶ 23 of the Complaint purport to restate or paraphrase provisions of TSCA, NAHB responds that the statute .speaks for itself. To the extent the allegations in ¶ 23 of the Complaint are inconsistent with TSCA, NAHB denies those allegations. To the extent the allegations in ¶ 23 of the Complaint purport to state a legal duty of Defendants, the allegations are legal conclusions that require no response.

25. NAHB has insufficient information to admit or deny the allegations of ¶ 24 of the Complaint.

26. To the extent that the allegations in ¶ 25 of the Complaint purport to restate or paraphrase the text of a Federal Register notice, NAHB responds that the Federal Register notice speaks for itself. To the extent the allegations in ¶ 25 of the Complaint are inconsistent with the text of the Federal Register notice, NAHB denies those allegations.

27. To the extent that the allegations in ¶ 26 of the Complaint purport to restate or paraphrase the text of a Federal Register notice, NAHB responds that the Federal Register notice speaks for itself. To the extent the allegations in ¶ 26 of the Complaint are inconsistent with the text of the Federal Register notice, NAHB denies those allegations.

28. To the extent that the allegations in ¶ 27 of the Complaint purport to restate or paraphrase the text of a Federal Register notice, NAHB responds that the Federal Register notice speaks for itself. To the extent the allegations in ¶ 27 of the Complaint are inconsistent with the text of the Federal Register notice, NAHB denies those allegations.

29. NAHB denies the allegations in ¶ 28 of the Complaint.

30. NAHB has insufficient information to admit or deny the allegations of ¶ 29 of the Complaint.

31. In response to ¶ 30 of the Complaint, NAHB incorporates its responses to ¶¶ 1 through 29.

32. NAHB has insufficient information to admit or deny the allegations of ¶ 31 of the Complaint.

33. NAHB has insufficient information to admit or deny the allegations of ¶ 32 of the Complaint.

34. To the extent the allegations in ¶ 33 of the Complaint purport to restate or paraphrase facts from a document by the President's Task Force on Environmental Health Risks and Safety Risks to Children, NAHB responds that the document is the best evidence of its own contents and speaks for itself. To the extent the allegations in ¶ 33 of the Complaint are inconsistent with the statements of the President's Task Force, NAHB denies those allegations.

35. The allegations in ¶ 34 of the Complaint are statements of opinion, not fact, which do not require a response. To the extent the allegations in ¶ 34 of the Complaint purport to be statements of fact, NAHB responds that the allegations are so vague that no basis is available for NAHB to admit or deny them.

36. The allegations in ¶ 35 of the Complaint are statements of opinion, not fact, which do not require a response. To the extent the allegations in ¶ 35 of the Complaint purport to be statements of fact, NAHB responds that the allegations are so vague that no basis is available for NAHB to admit or deny them.

37. NAHB has insufficient information to admit or deny the allegations of ¶ 36 of the Complaint.

38. NAHB has insufficient information to admit or deny the allegations of ¶ 37.

39. NAHB has insufficient information to admit or deny the allegations of ¶ 38 of the Complaint..

40. To the extent the allegations in ¶ 39 of the Complaint purport to restate or paraphrase facts from a report of the National Academy of Sciences, NAHB responds that the report is the best evidence of its own contents and speaks for itself. To the extent the allegations in ¶ 39 of the Complaint are inconsistent with the statements of the National Academy of Sciences, NAHB denies those allegations.

41. To the extent the allegations in ¶ 40 of the Complaint purport to restate or paraphrase facts from a document by the President's Task Force on Environmental Health Risks and Safety Risks to Children, NAHB responds that the document is the best evidence of its own contents and speaks for itself. To the extent the allegations in ¶ 40 of the Complaint are inconsistent with the statements of the President's Task Force, NAHB denies those allegations.

42. The allegations in ¶ 41 of the Complaint are statements of opinion, not fact, and as such, they do not require a response.

43. To the extent that the allegations in ¶ 42 of the Complaint purport-to restate or paraphrase provisions of TSCA, NAHB responds that the statute speaks for itself. To the extent the allegations in ¶ 42 of the Complaint purport to state a legal duty of Defendants, the allegations are legal conclusions that require no response.

44. NAHB has insufficient information to admit or deny the allegations of ¶ 43.

45. In response to ¶ 44 of the Complaint, NAHB incorporates its responses to ¶¶ 1 through 43.

46. The allegations in ¶ 45 of the Complaint are legal conclusions that require no response.

47. The allegations in ¶ 46 of the Complaint are requests for relief and require no response.

## GENERAL DENIAL

To the extent that this Answer does not contain a response to any allegations of the Complaint, NAHB generally denies such allegations.

## AFFIRMATIVE DEFENSES

NAHB alleges the following Affirmative Defenses to the Complaint:

1. PEER's Complaint fails to state a claim for which relief may be granted under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.

Wherefore, NAHB respectfully prays that the Plaintiffs Prayer for Relief be denied.

Respectfully submitted,

*Thomas C. Jackson*
Thomas C. Jackson (D.C. Bar No. 384708)
Baker Botts LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: 202-639-7710
Facsimile: 202-585-1009
thomasjackson@bakerbotts.com

Dated: April 21, 2006