IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, et al., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. 05-cv-02437 (CKK) |
| STEPHEN JOHNSON, Administrator, United States Environmental Protection Agency, | ) ) ) ) |
| Defendants. | ) ) ) |

**EPA'S UNOPPOSED MOTION TO STAY SUMMARY JUDGMENT BRIEFING**

In this litigation, the Court has entered an Order setting a schedule for summary judgment briefing, with the plaintiff's opening brief due on September 15, 2006. *See* Minute Order of May 23, 2006, Doc. # 9. EPA hereby moves that this schedule be stayed pending the resolution of its Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed simultaneously with this Motion. The Court must resolve jurisdictional questions before reaching the merits, and if the Motion to Dismiss is granted, summary judgment briefing will be unnecessary. Counsel for the other parties have represented that this motion will not be opposed.

This case is an action under the citizen suit provision of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2619, to compel EPA to perform a duty that Plaintiffs claim is not discretionary. Specifically, Plaintiffs claim that EPA failed to promulgate regulations on or before October 28, 1996, as required by TSCA. *See* 15 U.S.C. § 2682c)(3). However, Plaintiffs did not file their lawsuit until December 20, 2005, more than nine years after their cause of action

first accrued.  As described in EPA's Motion to Dismiss, this suit is therefore barred by 28

U.S.C. § 2401(a), which provides that "every civil action against the United States shall be

barred unless the complaint is filed within six years after the right of action first accrues."

When raised by the United States, the statute of limitations is a jurisdictional defense.  "It

is axiomatic that the United States may not be sued without its consent and that the existence of

consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Congress waived the United States' sovereign immunity for the type of claim that PEER asserts

in 15 U.S.C. § 2619(a)(2), the citizen suit provision of TSCA.  However, Congress also has the

power to set the bounds of that waiver, and such bounds limit the Court's jurisdiction.  *United

States v. Mottaz*, 476 U.S. 834, 841 (1986); *Felter v. Norton*, 412 F. Supp. 2d 118, 122 (D.D.C.

2006).  Furthermore, this waiver must be construed narrowly and in favor of the sovereign.  *See,

e.g.*, *Spannaus v. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987) ("§ 2401(a) is more than an

ordinary statute of limitations; it is a condition on the waiver of sovereign immunity, and we are

obliged to construe such waivers strictly").

The expiration of the statute of limitations is therefore a bar to the Court's subject matter

jurisdiction.  *Mottaz*, 476 U.S. at 841.  A stay of summary judgment briefing is appropriate

because the Court must address this jurisdictional question before reaching the merits.  *See Steel

Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998); *Kalodner v. Abraham*, 310 F.3d

767, 769 (D.C. Cir. 2003); *East Bay Mun. Util. Dist. v. Dep't of Commerce*, 142 F.3d 479, 482

(D.C. Cir. 1998).  *See also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the

parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss

the action.").

The statute of limitations question is the only question addressed in EPA's Motion to Dismiss, and it is in the interest of judicial economy in this instance for that issue to be decided before summary judgment briefing on merits questions takes place. This Court has broad discretionary power to order a stay in this situation. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to power to control its own docket."). As noted by the Supreme Court, "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879, n.6 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936)).

When jurisdictional issues are raised, courts have often stayed briefing on the merits pending their resolution. *See, e.g., Radio-Television News Directors Ass'n v. FCC*, 809 F.2d 860, 862 (D.C. Cir. 1987) (deferring briefing on merits pending resolution of motion to dismiss alleging lack of jurisdiction); *Verson v. United States*, 5 F.Supp. 2d 963, 965 n.2 (Ct. Int'l Trade Mar. 23 1998) (granting a motion to stay briefing on merits pending decision on motion to dismiss); *Cult Awareness Network, Inc. v. Martino*, 1997 WL 327123 at *1 (N.D. Ill. May 27, 1997) (granting motion to stay briefing on merits to allow consideration of threshold issues raised in motion to dismiss); *Honeywell Info. Sys. v. Hodges*, 85 F.R.D. 339, 341-42 (D.D.C. 1980) (withholding consideration of pending summary judgment motions pending a decision on the jurisdictional argument presented in a motion to dismiss). Entering an order staying summary judgment briefing in this case until jurisdictional questions are decided would not only be "an appropriate exercise of the Court's discretion," but "'an eminently logical means to

prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979).

For the foregoing reasons, EPA respectfully requests that the Court stay the schedule for briefing summary judgment in this litigation until it has resolved EPA's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division


DAVID GUNTER
Environmental Defense Section
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3896
(202) 514-3785

*Attorneys for United States Environmental Protection Agency*

Dated: August 31, 2006

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR                                )
ENVIRONMENTAL RESPONSIBILITY,                       )
et al.,                                             )
                                                    )
              Plaintiffs,                           )
                                                    )
       v.                                           )    No. 05-cv-02437 (CKK)
                                                    )
STEPHEN JOHNSON,                                    )
Administrator, United States Environmental          )
Protection Agency,                                  )
                                                    )
              Defendants.                           )
                                                    )

## [PROPOSED] ORDER GRANTING EPA'S UNOPPOSED MOTION TO STAY SUMMARY JUDGMENT BRIEFING

Upon consideration of EPA's Unopposed Motion to Stay Summary Judgment Briefing, and upon counsel's representation that the Motion is unopposed, and finding that good cause exists to grant the Motion:

EPA's Unopposed Motion to Stay Summary Judgment Briefing is hereby GRANTED, and it is ORDERED that the schedule for summary judgment briefing that the Court entered on May 23, 2006, be stayed until the Court has resolved EPA's Motion to Dismiss for Lack of Subject Matter Jurisdiction in the above-captioned proceeding.

SO ORDERED.

_____
Hon. Colleen Kollar-Kotelly
United States District Judge